JOHN BOYLE and others *vs.* C. H. VANDERHOOF and Garnishee.

December 4, 1890.

**Constitution—Title of Act—Exemption of Wages.**—The title of Laws 1889, *c.* 204, sufficiently indicates the subject of the act, and is consistent with its language and purposes.

**Same—Liberal Construction.**—The constitutional provision requiring the subject of an act to be expressed in the title is to be liberally construed.

Plaintiffs brought this action in the municipal court of St. Paul against the defendant Vanderhoof and the North American Telegraph Co. as garnishee. The disclosure showed that defendant was employed by the garnishee as a telegraph operator and that at the date of the service of the garnishee summons, (January 30, 1890,) there was due him from the garnishee, as wages for services rendered as such operator for 30 days next preceding the issue of the garnishee summons, the sum of $34.44, of which sum the defendant claimed $25 as exempt. The claim was disallowed, judgment was entered against the garnishee for $34.44, and the defendant appealed.

*Steele & Rees,* for appellant.

*L. L. Longbrake,* for respondents.

VANDERBURGH, J. Under the title of "Exemptions" in Gen. St. 1878, *c.* 66, § 310, subd. 11, it is provided that the wages of any *laboring man* or his minor children, for services rendered by him or them for a period therein designated next preceding the issue of process of garnishment, should be exempt. Another act was passed in 1887, (chapter 179,) entitled "An act to abolish the process of garnishments as applied to *working men*," in which it is provided that the wages of a laboring man or woman, earned by the actual work of his or her hands, should not be subject to garnishment. And in 1889, the legislature passed the act in question here, Laws 1889, *c.* 204, entitled "An act to fix the amount of wages of *laborers* exempt from process of attachments, garnishments, or execution." This act provides that the wages of *any* person or the minor children of any person, in any sum not exceeding $25 for any services for 30

days preceding the issue of any process, etc., shall be exempt from such process.

The defendant is a telegraph operator, and insists that his wages as such are exempt, under the act last mentioned, to the amount designated therein.    The court below construed the statute as limited and restricted by the title, and that it applied only to laboring men who work with their hands, in the ordinary sense in which those terms are understood; and that the defendant's occupation and service did not entitle him to exemption under the act in question.    This was the construction given to the words "laboring men" by this court in *Wildner* v. *Ferguson,* 42 Minn. 112, (43 N. W. Rep. 794,) as found in the exemption law first above referred to.    The language of the act itself clearly shows the intention of the legislature to extend the rule so as to include other classes of persons serving for wages, and generally servants, employes, clerks, etc.    And the only question of importance is whether the words "wages of laborers," embraced in the title, may fairly be given so broad an interpretation, and thus be consistent with the language and purpose of the legislature as expressed in the body of the act.    The constitutional provision which requires the subject to be expressed in the title of a law passed by the legislature is to have a practical and liberal construction, and it is sufficient if the title fairly and reasonably expresses the subject and purposes of the act.    *Miss., etc., Boom Co.* v. *Prince,* 34 Minn. 79, 85, (24 N. W. Rep. 344;)    *State* v. *Cassidy,* 22 Minn. 312, 322.

The act is intended to exempt, in general, wages earned by persons standing in the relation of servants or employes, and it is not limited to toilsome and unskilled labor merely, to which the term "laborer" is more strictly and accurately applicable.    The title is not carefully worded, but we think the word "laborer," as used in connection with "wages," may, in a general sense, be applied to employes other than working men engaged in manual labor, consistently with the provisions of the act.    And that being so, the court will so construe it in connection with the language used in the body of the act, and will, if necessary, give it the broader signification in order to uphold the constitutionality of the law.

Judgment reversed.