PETTER GAARE v. BOARD OF COUNTY COMMISSIONERS OF CLAY
COUNTY.[1]

November 27, 1903.

Nos. 13,576—(87).

**State Drainage Commission.**

    Chapter 318, Laws 1897, entitled "An act to create a Board of State Drainage Commissioners and prescribe its duties," which, among other things, imposes obligations upon the board of county commissioners of the proper county to repair a state ditch. *Held,* the law is not obnoxious to the constitutional limitation (article 4, § 27) providing that no legislative enactment shall embrace more than one subject, which shall be expressed in its title.

**Repair of Ditch.**

    The obligation of the board of commissioners to repair a ditch after it has been constructed by the state under the provisions of chapter 318, supra, does not subject the county, as a municipal corporation, to damages for a neglect by such officers to perform the duties therein prescribed.

Appeal by plaintiff from an order of the district court for Clay county, Baxter, J., sustaining a general demurrer to the complaint. Affirmed.

*C. G. D. Johnson,* for appellant.

*Chas. S. Marden,* for respondent.

LOVELY, J.[2]

This is an appeal from an order sustaining a demurrer to a complaint upon the ground that it did not state a cause of action.

The complaint, in substance, alleges that plaintiff is the owner of land in Clay county adjacent to a public improvement known as the "Felton State Ditch," which was completed in 1896 under the supervision of the state; that at the outlet of the ditch cribwork had been constructed by the county; that on October 14, 1901, the Board of State Drainage Commissioners notified the county commissioners of Clay county that there was a break in such cribwork, and required that

[1] Reported in 97 N. W. 422.

[2] START, C. J., absent, sick, took no part.

it be fully restored, and that the weeds be removed where they obstructed the channel, which report was filed in the county auditor's office; that the county had neglected and refused to repair the ditch in compliance with the recommendation of the state board, by reason of which neglect a large quantity of water escaped through the break in the defective ditch, overflowing plaintiff's land to his injury, for which he asks damages. Two questions were presented to the trial court, and have been discussed on this appeal.

It is claimed that the state drainage act (Laws 1897, c. 318, p. 584), under which certain duties were imposed upon the county commissioners, to be performed upon recommendation of the state board, is violative of section 27, article 4, of the constitution, providing that no law shall embrace more than one subject, which shall be expressed in its title. It must be held that the duties imposed by this statute require the county commissioners where the ditch is located to act upon the report of the state board, and comply with the request for the repairs therein designated, whereby the state takes upon itself the burden of constructing state ditches, and of maintaining them, thereby imposing obligations upon the county commissioners, the latter body are the delegated agents of the state for that purpose, and required to perform the acts therein required; but clearly the imposition of these duties was only one of the details of the scheme, and is fairly suggested by the title of the act, which must be sustained. Lien v. Board of Co. Commrs. of Norman Co., 80 Minn. 58, 82 N. W. 1094; Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788; Ek v. St. Paul Permanent Loan Co., 84 Minn. 245, 87 N. W. 844; State v. Board of Control, 85 Minn. 165, 88 N. W. 533. The cases above cited, with others referred to therein, are quite sufficient to support the holding of the learned trial court that the law was a valid enactment, and in that respect the complaint sufficiently alleged the delegated authority to the commissioners to repair the ditch.

The demurrer was sustained, however, upon the ground that an action for damages at the suit of a private individual did not lie against a county for failure to perform these duties. While the complaint alleges that the crib was constructed by the county, this work was a part of a general system of which the state had control, and to further which its funds were to be expended. It is now well settled in

this country and state that counties are involuntary corporations, organized as political subdivisions of the state for governmental purposes, and are not liable for the neglect of their officers or agents, unless expressly made so by statute. Barnes v. District of Columbia, 91 U. S. 540; Dosdall v. County of Olmsted, 30 Minn. 96, 14 N. W. 458; Altnow v. Town of Sibley, 30 Minn. 186, 14 N. W. 877; Snider v. St. Paul, 51 Minn. 466, 53 N. W. 763; Gullikson v. McDonald, 62 Minn. 278, 64 N. W. 812. For the omissions or misfeasance of the officers of a municipal corporation the corporation is not ordinarily subject to a claim for damages, but in a proper case may be enjoined or commanded to perform a duty it declines. Lerch v. City of Duluth, 88 Minn. 295, 92 N. W. 1116. In Schussler v. Board of Commrs. of Hennepin Co., 67 Minn. 412, 70 N. W. 6, it was held that where a county, under legislative authority, expressly authorized an act, or ratified it, and retains and enjoys its benefits, it is liable for damages occasioned by its unlawful acts; but the principle decided in that case does not apply here, where the county commissioners were acting as the servants of the state in constructing and repairing the crib, rather than of the county.

The only exception to the general rule that municipal officers are not responsible for derelictions of duty in the repair of public works applies to the obligation of cities to keep their public roads and sidewalks in suitable condition, where they have authority to raise funds for that purpose, which rule is quite anomalous to the general doctrine that municipal corporations are not liable in damages for the neglect of their officers, as suggested in the concurring opinion of GILFILLAN, C. J., in Altnow v. Town of Sibley, supra.

Order affirmed.