STATE v. CHARLES F. LELAND.[1]

January 15, 1904.

Nos. 13,774—(214).

**Title of Act.**

Chapter 219, p. 504, Laws 1895, entitled "An act to amend section 467 of the Penal Code of the State of Minnesota, relating to receiving deposits in insolvent banks," is not subject to the objection that it is violative of section 27, article 4, of the state Constitution, providing that "no law shall embrace more than one subject, which shall be expressed in its title."

**Same.**

The purpose of Laws 1895, p. 504 (c. 219), was to provide a penalty against any corporation, private person, or broker, who, when insolvent, receives deposits to be returned to the depositor on demand according to the usual custom of banks, and the title of this act is fairly suggestive of its application to these purposes.

Defendant, a private banker, was indicted in the district court for St. Louis county under Laws 1895, c. 219, for the crime of accepting a deposit when he knew himself to be insolvent. A demurrer to the indictment was overruled by Ensign, J., who certified to the supreme court for its determination the following questions:

1. Is the act of 1895 unconstitutional and void as being in contravention of section 27, article 4, of the Constitution?

2. Is the act of 1895 unconstitutional and void for uncertainty in defining the nature of the offense prohibited?

Indictment held sufficient.

*William Harrison* and *Luther C. Harris,* for defendant.

*W. B. Douglas,* Attorney General, and *John M. McClintock,* County Attorney, for the State.

[1] Reported in 98 N. W. 92.

91 M.—21

LOVELY, J.

Defendant was indicted for receiving deposits as a private banker when he knew that his establishment was unsafe and insolvent. It is not questioned that the indictment sufficiently sets forth that the defendant was operating an unincorporated bank at Duluth under the designated name of the Commercial Banking Company, nor that it charged therein that while conducting such business he received from one Hartnett $45 on deposit, knowing that he and his concern were unsafe and insolvent, contrary to the provisions of Laws 1895, c. 219 (p. 504).

A general demurrer was interposed to the complaint, which was overruled, whereupon the court, at the request of defendant, certified the record to this court, under the proper procedure, for our opinion on the sufficiency of the indictment, which is attacked upon the ground that the statute defining the offense therein prohibited contravenes and is violative of section 27, article 4, of the state Constitution, which provides that "no law shall embrace more than one subject, which shall be expressed in its title." The title of the act in question reads, "An act to amend section 467 of the Penal Code of the state of Minnesota, relating to receiving deposits in insolvent banks."

It is the contention of counsel for defendant that this act is void since it defines several offenses of different kinds. The title of the act relates to receiving deposits in insolvent banks, but, as claimed, the act itself, in its body, applies to a variety of acts and persons, of which such title gives no appropriate and distinct information. In terms, the act refers to

> "Any bank, banking corporation, association or firm, banking house, savings bank, banking exchange, brokerage deposit company, private bank, or any person, company or corporation engaged in whole or in part in banking, brokerage, exchange or deposit business in any way."

To be still more specific in attempting to state defendant's views, while the title of the act refers to banks, in its terms the enacting clause would apply not only to banks incorporated, but to entirely distinct concerns in a legal sense, viz., private banks; also to other distinct kinds of business, viz., individual bankers, brokers, or to any

person engaged in whole or in part in the business of receiving deposits. It is not, and could not be, denied that the .receiving and keeping of deposits to be called for on demand by the depositor is peculiarly the business of bankers; and a bank that did not receive deposits on trust, subject to such demand, would, upon our understanding, be a misnomer, and lack an essential element of such business.

Counsel quotes with approval Bouvier's definition of a bank:

> "A place for the deposit of money. An institution, generally incorporated, authorized to receive deposits of money, to loan money and to issue promissory notes, usually known by the name of 'bank notes,' or to perform some one or more of these functions."

And under the last clause of this definition, which is in accord with the general understanding, the receiving of deposits, to be kept, and returned on demand, is the generally acknowledged feature of every bank, whether incorporated or unincorporated, whereby its profits are obtained and business success accomplished; and, without reference to the title of the act referred to, it is not to be doubted that the mischief of the statute was to protect depositors who in confidence trust their money to those who receive the same with knowledge of their insolvency, which must be recognized as a most salutary and wholesome subject of legislative cognizance and control.

The act in question is an amendment to section 467, penal code (G. S. 1894, c. 92a, § 6763). The title of this chapter is very brief, and reads, "An act to establish a penal code." It is not disputed, and could not be, that this title is sufficient to cover and embrace all the acts complained of in the indictment. It, in terms, relates to "an officer, agent, teller," etc., of a bank, banking association, and every individual banker or agent who receives deposits, knowing that such bank or association is insolvent, who for any such act is declared to be guilty of a misdemeanor. The amendatory act now attacked makes such offense a felony, and was but recently made the basis of a prosecution which was sustained by this court in State v. Clements, 82 Minn. 434, 85 N. W. 229, without objection to its title.

The validity of the act now questioned upon the ground that its

title is not effective, is to be tested by the views we have repeatedly adopted to determine its validity in that respect. The constitutional provisions regarding the title should be liberally construed, and all doubts resolved in favor of the law. It is not essential that the best or even accurate words in the title be employed, but the remedy to be secured and mischief avoided furnish the best criterion of its sufficiency to prevent its title from being made a cloak or artifice to distract attention from the substance of the act, providing its title is sufficient and be fairly suggestive, and not foreign to its general purpose. The numerous authorities which support these views are cited and illustrated in two recent decisions of this court in which this proposition is declared and enforced: Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788; State v. Board of Control, 85 Minn. 165, 88 N. W. 533.

To apply these well-settled principles to the contention raised here, it seems too obvious to admit of question that the mischief to be avoided by the statute was an evil and fraud peculiar to and distinctive of the banking business, whereby deposits are received from a confiding public, to be returned on demand of the depositor, with knowledge by the receiver that the trust reposed could not be fulfilled, by reason of insolvency. Whether the person so receiving the deposits operates a bank in name or as an individual or broker, makes but little difference, if he is defrauding the depositor in taking his money when it is known to him that he cannot return it, for there is little in the name that can be of significance. A bank could not, by naming itself as a brokerage concern, conduct the banking business, and receive deposits the same as a bank, without being in fact subject to the statute. It is urged that the word "bank," ex vi termini, means an incorporated institution; but in this state individuals are not prohibited from engaging in, but permitted to conduct, this business, without the restrictions imposed in other states; and it is inconceivable that the large number so engaged were supposed to have been excluded by the legislature from the penalties imposed in this act, and the public deprived of the necessary and wholesome protection intended. The title itself makes no such discrimination, and every man, woman, and child in the state who apprehends in the most general and practical way the nature of the business—at least, any one who is

capable of trusting a banking institution, whether incorporated or unincorporated, with funds—would not doubt the object of the statute, or feel it necessary to engage in an examination of its articles of incorporation, since the word "bank," in the title, is reasonably and fairly suggestive of the business of receiving and returning deposits.

Nothing more can be said in support of the validity of the law than will be found expressed in the numerous decisions to which we have above referred, and it does not seem to have been of any significance to defendant's claim that in the body of Laws 1895, p. 504 (c. 219) the word "unsafe" is used in addition to and following the word "insolvency." This term was unnecessary—and undoubtedly used, ex industria, as convertible with the word "insolvent," and intended to embrace and express the same meaning.

Our answer to the question of the trial court thus certified here is that the indictment is sufficient, and that the demurrer was properly overruled.