STATE v. MORRIS CLEMMENSEN.[1]

May 13, 1904.

Nos. 13,983—(16).

**Intoxicating Liquor.**

The complaint in a criminal prosecution in justice court charging defendant, a licensed saloon keeper, with keeping his place of business open after the hour of eleven o'clock at night, in violation of the law, *held* sufficient, and to state facts constituting a public offense.

**Justice of the Peace.**

A justice of the peace is not required to reduce to writing the evidence offered or received on trial before him, unless requested to do so by one of the parties.

Defendant was convicted before a justice of the peace for Martin county of the offense set forth in the opinion and appealed on questions of law alone to the district court for said county. From a judgment entered pursuant to the findings and order of Quinn, J., affirming the judgment of the justice, defendant appealed to the supreme court. Affirmed.

*Albert R. Allen* and *De Forrest Ward,* for appellant.

*W. J. Donahower,* Attorney General, *P. A. Ewart,* Assistant Attorney General, *J. E. Palmer,* County Attorney, and *E. C. Dean,* for the State.

BROWN, J.

Defendant, a person licensed to deal in intoxicating liquors, was prosecuted before a justice of the peace for keeping his place of busi-

------

[1] Reported in 99 N. W. 640.

ness open after the hour of eleven o'clock at night, and appeals from the judgment of the district court affirming a conviction had in the justice court. Only two points urged in this court are necessary to be considered: (1) Whether the complaint on which defendant was convicted states facts constituting a public offense; and (2) whether defendant is entitled to a reversal on the ground that the justice before whom the prosecution was conducted failed to return to the district court the evidence received on the trial before him; defendant having made request of him to return it with the record on appeal.

1. The complaint on which defendant was convicted, omitting all formal parts, is as follows:

> That on the 28th day of February, 1903, at the village of Triumph, in said county, Morris Clemmensen, being then and there duly licensed to sell intoxicating liquors and to conduct a saloon on the first floor of a certain building situate on lot 2 of block 4 of said village of Triumph, and * * * situated as aforesaid, did wrongfully and unlawfully then and there keep open the door of his said saloon and place of business aforesaid after the hour of eleven o'clock at night of said February 28, 1903, and said saloon and place of business not being then and there a hotel, against the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

It is urged by appellant that the complaint fails to state facts constituting a public offense, for various reasons; among others, that it does not charge that the saloon or place of business mentioned in the complaint was a place where intoxicating liquors were sold under a license, that it does not charge that defendant failed to close his place of business at eleven o'clock at night, or that he kept his place of business open after that hour, or that he sold, disposed of, or gave away any intoxicating liquor after the hour of eleven o'clock at night on the day in question.

We are of the opinion that these objections are not fatal to the complaint. The complaint charges, in substance, that defendant was a duly licensed dealer in intoxicating liquors, the keeper of a saloon at the place named therein, and that he wrongfully and unlawfully kept

open his place of business after the hour of eleven o'clock at night. The complaint is entitled to a liberal construction, as are all proceedings in justice court, and, so construing it, the complaint sufficiently charges every essential element constituting a violation of the statute. It is sufficient to warrant the admission of evidence to the effect that defendant was a licensed saloon keeper, and we will take notice of the sort of goods and chattels saloon keepers keep on sale, that he kept his saloon and place of business open after the hour of eleven o'clock at night on the date stated, and for the purpose of selling and disposing of his wares.

Of course, the mere fact that a saloon keeper may keep the door to his saloon open after the hour of eleven o'clock would not, standing alone, constitute a violation of the statute. The purpose of the statute is to require all dealers in intoxicating liquors not only to shut their doors at the hour of eleven at night, but to cease the transaction of business. The mere fact that the door of a saloon may be open for a short time after that hour for some legitimate purpose, unaccompanied by evidence of a continuance of the saloon business, or an intention or purpose to do so if customers present themselves, would not constitute an offense, or violation of the statute. But this complaint, while it does not charge the sale of liquors after the hour of eleven o'clock, is sufficiently broad to admit proof of that fact, if such fact be essential, and is clearly sufficient.

2. Defendant was tried before a justice of the peace and a jury. Neither party at the trial requested the justice to reduce the evidence received to writing, and it was not in fact taken down. After the conviction of defendant, and after he had perfected his appeal to the district court upon questions of law alone, he requested the justice, under section 5113, G. S. 1894, to return to the district court a true and certified transcript of the evidence offered or received on the trial before him, which request the justice was unable to comply with for the reason, already stated, that the evidence was not reduced to writing at the time of the trial. It is urged by defendant in this court that the failure of the justice to return the evidence to the district court pursuant to his demand was fatal error, for which a reversal should be ordered. We see no merit in this position.

92 M.—13

The trial in the justice court was before a jury, and we are aware of no statute making it the duty of the justice, in the absence of a request to that end, to reduce the evidence received before him to writing. It is not the usual practice for justices of the peace so to act, so far as our information extends, but, on the contrary, the general practice in those courts is in harmony with that adopted in this case, to reduce the testimony to writing only when requested to do so by one of the parties. His failure to do so in this case was not a violation of any requirement of the law, nor a failure in the performance of any duty imposed upon him. It must be held, therefore, that defendant's failure to request the justice at the time of the trial to record the evidence was a waiver of the right to have it returned to the district court on his appeal, and he cannot now be heard to complain that it was not returned. The evidence not being returned, alleged errors in the admission or exclusion of evidence on the trial cannot be considered.

Judgment affirmed.