## STATE v. E. BOEHM.[1]

June 17, 1904.

Nos. 13,900—(18).

**Title of Act.**

Chapter 273, p. 653, Laws 1895, is not in violation of section 27, art. 4, of the constitution of Minnesota, providing that no law shall embrace more than one subject, which shall be expressed in its title.

**Police Power.**

Said chapter is a reasonable exercise of the police power for the general public welfare, and a neglect to comply with its requirements constitutes a public offense.

**Criminal Offense.**

*Held*, the complaint states facts sufficient to constitute a public offense.

Defendant was convicted in the municipal court of Redwood Falls of a violation of Laws 1895, c. 273, providing for the destruction of noxious weeds, and appealed to the district court for Redwood county. The case was heard before Webber, J., who denied a motion to dismiss and upon request certified to the supreme court for determination the questions set forth in the opinion. Remanded for further proceedings.

[1] Reported in 100 N. W. 95.

*W. J. Donahower,* Attorney General, and *C. T. Howard,* County Attorney, for plaintiff.

*A. C. Dolliff,* for defendant.

Query, do the words "providing for their destruction" sufficiently express the fact that there is a penalty to be inflicted upon those who fail to comply with the terms of the act? These words taken with the preceding words of the title indicate that the weeds which are declared to be nuisances are to be destroyed, and when so taken together there is nothing in the title whatever which would indicate that there is any criminal punishment or penalty for any violations, in fact there is nothing in the title which might or could convey the idea that there would be anything to violate, and the provision for the punishment for violations of the act is entirely foreign to the subject matter as expressed in the title. Under section 4, it is made the duty of the township officers to enter upon the land and destroy the weeds, if the owner or occupant fail to do so within the time limited in the notice, and the expense of so destroying the weeds is provided for in. section 5. The words "to provide for their destruction" evidently refer to the right of the township officers to enter upon the land and take such measures as they see fit to eradicate the weeds as provided for in section 4. The constitution of the state of Michigan contains the same provisions as the one under consideration, and the supreme court in that state has held in a case quite like the one at bar, such a title unconstitutional. People v. Beadle, 60 Mich. 22; Northwestern v. Chambers, 58 Mich. 381; People v. Gadway, 61 Mich. 285; See also State v. Board of Control, 85 Minn. 165.

DOUGLAS, J.

Upon a criminal complaint against defendant pending in the district court of Redwood county, three questions are certified to this court by the trial judge, to wit:

1. Is chapter 273, p. 653, Laws of Minnesota of 1895, in violation of section 27 of article 4 of the constitution of the state of Minnesota, providing that no law shall embrace more than one subject, which shall be expressed in its title?

2. Is the subject-matter of said act expressed in its title?

3. Does the complaint state facts showing the commission of a public offense?

Said complaint is as follows:

> The complaint of Herman Kaiser, of said county and state, made before the Honorable A. R. A. Laudon, judge of said court in and for said city, who, being duly sworn, on his oath says that on the 22d day of June, 1903, at the town of Kintire, in said county and state, one E. Boehm did wilfully, knowingly, and unlawfully fail to comply with the written notice of the board of supervisors of the town of Kintire, Redwood county, Minnesota, served upon the said E. Boehm on the 8th day of June, 1903, directing and commanding the said E. Boehm to destroy the wild mustard growing upon the northeast quarter of section twenty-four, in township one hundred thirteen, of range thirty-seven, in said town of Kintire, Redwood county, Minnesota, and which said land is owned and occupied by said E. Boehm, by or before the 20th day of June, 1903, and upon which said land there was on the 8th day of June, 1903, and the 23d day of June, 1903, and at all times between said dates, large quantities of wild mustard, against the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota, and prays that the said E. Boehm may be arrested and dealt with according to law.

The first and second questions certified are identical, although presented in different phraseology, and will therefore be considered together. The title of chapter 273, p. 653, of the laws of 1895 reads as follows:

> An act to declare certain weeds common nuisances and to provide for their destruction.

The rule has long been settled that the constitutional provision, that no law shall embrace more than one subject, which shall be expressed in its title, must be liberally construed. Board of Suprs. of Ramsey Co. v. Heenan, 2 Minn. 281 (330); State v. Kinsella, 14 Minn. 395 (524); State v. Cassidy, 22 Minn. 312; Boyle v. Vanderhoof, 45 Minn. 31, 47 N. W. 396; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923; State v. Chapel, 63 Minn. 535, 65 N. W. 940; State v. Board of Con-

trol, 85 Minn. 165, 88 N. W. 533. The criticism urged against the act is that the title makes no reference to a penalty. This is not necessary. The title refers in reasonably explicit terms to the general subject of the act, and this has been repeatedly held ample to sustain a conviction and the infliction of the penalty provided for a violation thereof, notwithstanding the fact that the title made no specific reference thereto. State v. Cassidy, supra; State v. Justus, 85 Minn. 279, 88 N. W. 759; State v. Rodman, 58 Minn. 393, 59 N. W. 1098; State v. Anderson, 63 Minn. 208, 65 N. W. 265. Reaffirming the construction repeatedly adopted in the cases cited, we hold that chapter 273, p. 653, Laws 1895, is not in violation of section 27 of article 4 of the constitution, and that the subject-matter of the act is expressed in its title.

It appears from the complaint that the defendant was the owner and in possession of certain lands situated in the township of Kintire, in said county, upon which there were growing large quantities of wild mustard between June 8 and 23, 1903; also that on June 8 of that year the board of supervisors of said township duly served a notice upon defendant commanding him to destroy such wild mustard on or before June 20. Section 1 of said chapter defines noxious weeds, among which are included wild mustard, and declares the same to be common nuisances. By section 2 the owners of land are prohibited, within certain limitations, from permitting such weeds going to seed. Section 3 makes it the duty of the board of supervisors and others having the control of public highways to enforce the provisions of the act, and also to use reasonable means to educate owners of lands upon which noxious weeds exist as to the proper method of eradicating the same. It is also made the duty of the board of supervisors, where private owners neglect to destroy such weeds, to enter upon their premises and destroy the same. Other sections provide for the reimbursement of the officers for expenses incurred therein. Section 4 makes it the duty of said board to investigate all cases where they have reason to suspect the existence of noxious weeds upon any lands within their jurisdiction, and provides that

> They shall give the owner, agent or occupant notice of the time in which such weeds shall be destroyed and shall arrange with him or them for the prosecution of effective means to that end.

Section 5 makes it the duty of the board to enter upon the lands within their jurisdiction, and destroy such weeds, when the owner neglects to do so within the time specified in said notice. Section 6 provides that

> Any person or persons or the officers of any corporation violating the provisions of section two of this act or who shall fail to comply with the notices specified in section four of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than ten dollars and not more than one hundred dollars.

It is clear from an inspection of the entire act, excerpts from which have been quoted, that the legislature intended to adopt a reasonable plan for the eradication of noxious weeds, not only from the highways, but from lands owned by private parties. While the police power is more frequently exercised for the preservation of the public safety, public health, and public morals, still its use is not limited to such purposes. Such enactments have been upheld involving a variety of subjects, among which may be suggested those for the inspection of grain under the supervision of the state (Laws 1885, p. 136, c. 144); the weighing or measuring of coal by city officers (Pittsburg & S. Coal Co. v. Louisiana, 156 U. S. 590, 15 Sup. Ct. 459); the scaling by officers of the state of logs gathered in a chartered boom (Lindsay & Phelps Co. v. Mullen, 176 U. S. 126, 20 Sup. Ct. 325); and requiring railway companies to connect their tracks by means of a Y with those of other common carriers (Jacobson v. Wisconsin, M. & P. R. Co., 71 Minn. 519, 74 N. W. 893, approved by the supreme court of the United States, 179 U. S. 287, 21 Sup. Ct. 115). This being an agricultural state, the enactment falls within the principles declared in the cases cited, and is but a reasonable exercise of the police power for the general public welfare. This, under our system of government, is conferred upon the legislature. The nature and scope, as well as the further application of the principles involved in the exercise of this power, are well discussed in Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357; Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499; Hennington v. Georgia, 163 U. S. 299, 16 Sup. Ct. 1086; Wisconsin, M. & P. R. Co. v. Jacobson, 179 U. S. 287, 297, 21 Sup. Ct. 115.

It appearing that defendant was the owner and in possession of lands upon which wild mustard was growing, and that he neglected to comply with the notice served upon him, provided for by section 4 of the act, we further hold the complaint states facts sufficient to constitute a public offense.

Case remanded for further proceedings in the court below.