CHARLES M. ATWELL and Others v. NELLIE M. PARKER.[1]

December 16, 1904.

Nos. 14,097—(188).

**Title of Act.**

Chapter 153, p. 397, Sp. Laws 1871, entitled "An act to change the names of certain persons herein named, and to fix and establish their adoption and heirship," is a valid legislative enactment. The title thereto is in sufficient compliance with the constitutional provision that no law shall embrace more than one subject, which shall be expressed in its title.

**Same.**

Long and continued use of a general title to a particular class of legislative enactments is such a construction by the legislature of the constitutional provision that no law shall embrace more than one subject as to be entitled to the special consideration of the courts in determining the sufficiency of such title.

The probate court for Watonwan county having made its final decree of distribution assigning the residue of the estate of De Witt Clinton Atwell, deceased, to defendant Nellie M. Parker as his adopted daughter and heir at law, the plaintiffs, brothers and sisters of deceased, appealed to the district court for said county. The case was tried before Lorin Cray, J., who made findings of fact and as conclusions of law found that plaintiffs were the only heirs at law of deceased and entitled to the residue of his estate. From an order denying a motion for a new trial, defendant appealed to the supreme court. Reversed and new trial granted.

*W. S. Hammond,* for appellant.

*J. W. Seager,* for respondents.

BROWN, J.

The facts in this case are as follows: The legislature, by chapter 153, p. 397, Sp. Laws 1871, changed the name of Eba Johnson, a minor child, to that of Nellie M. Atwell, and declared her the adopted daughter and heir at law of D. C. Atwell, of Blue Earth county, this state. She thereafter grew up as a member of Atwell's family, until she ar-

[1] Reported 101 N. W. 946.

rived at her majority, when she was married. Atwell died in February, 1903, leaving no wife or lawful issue. The probate court of Blue Earth county, having jurisdiction of the administration of his estate, awarded all his property to the adopted daughter, excluding from any right or interest therein the sisters and brother of Atwell, who appeared in the probate court and claimed the same. From the decree of the probate court the brother and sisters appealed to the district court, where it was held that the act of the legislature above referred to, by which defendant was made the heir at law of Atwell, was unconstitutional, and the decree of the probate court was reversed, and the estate awarded to the brother and sisters. Defendant appealed from an order denying her motion for a new trial. The only question presented for our consideration is the constitutionality of the act of the legislature referred to.

The objection to the statute is that the title is insufficient, within the requirements of the constitutional provision that no act of the legislature shall embrace more than one subject, which shall be expressed in its title. The precise contention is that this act contains several subjects, and that the title does not express them. The title to the act is as follows: "An act to change the names of certain persons herein named, and to fix and establish their adoption and heirship."

Under this title the names of eight persons were changed, and they were declared to be the adopted children of different persons therein named. The name of George A. Manning was changed to that of George A. King, and he was declared the adopted child and heir at law of Henry King. The name of Blanche Spencer was changed to that of Blanche Swift, and she was declared the adopted daughter and heir at law of Nelson H. Swift. The name of Seth Butler was changed to that of Seth Butler Richardson, and he was declared the heir at law of Rufus F. Richardson. The name of William Konkle was changed to that of William Lyman Percival, and he was declared the adopted son and heir at law of Horace L. and Mary L. Percival. The name of Josephine Hostetter was changed to that of Josephine Robinson, and she was declared the adopted daughter and heir at law of Prosper Robinson. The name of John W. Jennings was changed to that of John W. Mackin, and he was declared the adopted son and heir at law of Brian Mackin and Ann Mackin. And the name of appellant, de-

fendant in this case, was changed and her heirship established as stated.

The act may be open technically to the objections urged against it, but technically only. A strict construction of the constitutional provision might render the act invalid, but it is entitled to a broad and liberal interpretation. State v. Board of Control, 85 Minn. 165, 88 N. W. 533; Ek v. St. Paul Permanent Loan Co., 84 Minn. 245, 87 N. W. 844; Lien v. Board of Co. Commrs. of Norman Co., 80 Minn. 58, 82 N. W. 1094. The subject of the act was that of changing the names of certain children, constituting them the adopted children and heirs at law of certain persons named in the body of the act, and, though the title is a general one, it indicates clearly the subject-matter of the legislation proposed to be enacted under it.

The general principles, as bearing particularly upon the sufficiency of a general title, such as that here under consideration, are clearly stated by Judge MITCHELL in the case of Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, in the following language: "The term 'subject,' as used in the Constitution, is to be given a broad and extended meaning, so as to allow the Legislature full scope to include in one act all matters having a logical or natural connection. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other. * * * The generality of the title of an act is no objection, provided only it is sufficient to give notice of the general subject of the proposed legislation and of the interests likely to be affected. The title was never intended to be an index of the law."

And by Chief Justice START in Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788. The object of this provision of the constitution, the court there said, was "to secure to every distinct measure of legislation consideration solely upon its individual merits by preventing the combination of different measures, dissimilar in purpose and character, for the purpose of securing the necessary support for their passage. * * * It was not intended to embarrass legislation by making laws more restrictive in their scope and operation than is reasonably necessary in order to conserve the purpose for which the

constitutional limitation was adopted; hence it must be liberally construed."

These decisions state the general rule which has always guided this court in construing this provision of the constitution. The general subject of the act under consideration was, as stated, changing the names of certain children, constituting them the heirs at law of certain individuals, and the act throughout treats of no other subject. It is true it changes the names of several persons, and makes them the heirs at law of, different individuals, and there is nothing to show or indicate that the children whose names were changed were in any way related to each other; still the general subject expressed in the title is followed throughout. · An examination of the special laws of the state discloses that this form of general title was in use from the organization of the state down to the year 1881, when the amendment to the constitution prohibited the legislature from changing the names of persons by special legislation. Reference is had in this connection to chapter 61, p. 308, Sp. Laws 1861; chapter 127, p. 426, Sp. Laws 1868; chapter 136, p. 502, Sp. Laws 1872; chapter 138, p. 504, Sp. Laws 1872; chapter 333, p. 896, Sp. Laws 1881. By chapter 333, p. 896, Sp. Laws 1881, under a title similar to that under consideration, the names of forty three different children were changed.

But the practice of employing general titles to legislative enactments has not been confined to special legislation. It has been generally followed by our lawmakers. Under the title "An act to appropriate money to aid in building bridges and draining lands in certain parts of the state," the legislature, by chapter 271, p. 468, Laws 1889, appropriated money to aid in building bridges in several counties of the state; and an act under a similar title was passed in 1901 (Laws 1901, p. 488, c. 309). Under the title "An act to attach certain counties therein named to other counties for record and judicial purposes," the legislature, by chapter 75, p. 285, Sp. Laws 1871, attached four counties to Becker and three to Crow Wing for the purposes named in the title. Our Penal Code, embracing most comprehensively the criminal laws and preserving certain civil rights (Pen. Code, § 537) was enacted under the title "An act to establish a Penal Code." And the Probate Code, sustained in the case of Johnson v. Harrison, supra, was enacted under a similar title. Other instances of the use of general titles in

93 M.—30

legislation might be cited, but it is unnecessary. The practice has received legislative sanction for many years, and this fact is entitled to particular consideration in determining the validity of the act in question. 2 Sutherland, St. Const. (2d Ed.) 476.

Under the several acts of the legislature above referred to, by which the names of numerous children were changed, relationships of such children were established, and property rights have grown up and become fixed. For the court at this late day to declare all such statutes unconstitutional and void, because of the insufficiency of the title, would unnecessarily disturb family relations and unjustifiably interfere with property rights. The presumption in favor of the constitutionality of the statute should be doubly strong in a case of this kind, and the fact that the statutes above referred to have remained so long a time upon our statute books unquestioned furnishes a strong and potent reason for their support and validity.

Our conclusions are that the act under consideration by which defendant was made the heir at law of Atwell, deceased, is constitutional and valid, and that she, being the sole surviving heir, is entitled to his entire estate.

The order appealed from is therefore reversed, and the cause remanded to the court below for a new trial.