## CITY OF DULUTH v. JULIUS ABRAHAMSON.[1]

October 20, 1905.

Nos. 14,432—(42).

**Municipal Ordinance.**

A city ordinance was entitled "Sale of Intoxicating Liquors." The body of the act embraced a provision prohibiting the opening of licensed saloons on the Sabbath. *Held*, the evidence was sufficient to justify the conviction of the licensee.

**Same.**

The ordinance was not in conflict with section 27, article 4, of the constitution, and section 59 of the city charter.

Appeal by defendant from a judgment of the municipal court of Duluth, W. L. Windom, J. Affirmed.

[1] Reported in 104 N. W. 682.

*Alexander Marshall* and *Warner E. Whipple,* for appellant.
*Bert Fesler* and *T. J. McKeon,* for respondent.

LEWIS. J.

Appellant was convicted in the municipal court of the city of Duluth for unlawfully and wilfully keeping open a saloon on the Sabbath, contrary to the terms of the city ordinance regulating the sale of intoxicating liquor.

1. The trial court was justified in its conclusions, and the question of the sufficiency of the evidence does not merit any extended discussion. The testimony of the prosecuting witnesses was to the effect that they found the door of the saloon open on a certain Sunday, and that several persons were in the barroom. It was not necessary for the state to prove that intoxicating liquor was actually sold at the time, and the truthfulness of the explanation offered on behalf of the defense, accounting for the presence of the appellant licensee, his bartender, and another, was, under the circumstances, clearly for the determination of the court. It is not intended to overrule what was stated in the case of State v. Clemmensen, 92 Minn. 191, 99 N. W. 640, to the effect that the mere fact that a saloonkeeper may keep the door of his saloon open after the hour of eleven o'clock would not, standing alone, constitute a violation of the statute. What we do hold is that the court was warranted in finding that upon the occasion in question appellant's saloon was open for the purpose of carrying on the licensed business.

2. The ordinance was not invalid as being in contravention of section 27, article 4, of the constitution, and section 59 of the city charter. The ordinance in question is entitled "Sale of Intoxicating Liquors," and comprises fourteen sections, embracing the entire subject of the sale of intoxicants in the city of Duluth; provides for the issuance of a license, amount of the fee, bond, sureties, applications for license, hearing upon the same, license when not to be granted and how to be used, and penalties; and, among other things, contains a provision requiring all places where the sale of intoxicating liquors shall be licensed to be closed during all hours of every Sunday and every general or special election day, and that upon week days they shall not be kept open later than eleven at night or earlier than five in the morning. The point urged, going to the unconstitutionality of the ordiannce, is that the

title specifically refers to the sale, whereas the provision in question has reference to the regulation or prohibition of the sale of intoxicating liquors, and that the regulation or prohibition of sales has no just or proper reference to the subject indicated in the title.

The objects and purposes of an act need not be expressed in full in the title. Lien v. Board of Co. Commrs. of Norman County, 80 Minn. 58, 64, 82 N. W. 1094. If the provisions of the act are connected with its title, or if they in any reasonable manner tend to the accomplishment of the object expressed in the title, the statute is constitutional. State v. Chapel, 63 Minn. 535, 65 N. W. 940. The title is sufficient if it is not a cloak for legislating on dissimilar matters, and subjects embraced in the enacting clause are naturally within the subject expressed in the title. Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788. If the legislature is fairly apprised of the general character of an enactment by the subject as expressed in its title, and all its provisions have a just and proper reference thereto and are such as by the nature of the subject so indicated as are manifestly appropriate in that connection and as might reasonably be looked for, then the requirement of the constitution is complied with. State v. Cassidy, 22 Minn. 312. See also general principles discussed in State v. Board of Control, 85 Minn. 165, 88 N. W. 533; Gaare v. Board of Co. Commrs. of Clay County, 90 Minn. 530, 97 N. W. 422; State v. Leland, 91 Minn. 321, 98 N. W. 92.

The ordinance in question is within these principles. Under the general title "Sale of Intoxicating Liquors," any one would reasonably expect the ensuing enactment to cover the entire subject, including the regulation of licenses and the conditions and restrictions upon which the sale of liquor would be permitted. The prohibition of its sale on certain days, such as the Sabbath, is pertinent to and naturally connected with the general subject of the sale of intoxicants.

Judgment affirmed.