## STATE v. BRIDGEMAN & RUSSELL COMPANY.[1]

February 16, 1912.

Nos. 17,464—(237).

**Constitution — classification.**

Classification for purposes of legislation is a matter of legislative policy and discretion, and it is only when a classification is manifestly arbitrary that the courts will declare a statute unconstitutional.

**Same — act constitutional.**

Chapter 468, Laws 1909, an act to prevent unlawful discrimination in

1 Reported in 134 N. W. 496.

the sale of milk, cream, and butter fat, does not violate the equality provision of either the state or Federal Constitution, or the prohibitions of the state Constitution as to special legislation. The classification of the act is not an arbitrary one, and the act is constitutional.

**Title of act.**

It is sufficient if the title of a statute is fairly suggestive of its subject, and every fair doubt should be resolved in favor of its sufficiency. The title of the statute referred to is sufficient.

Case certified from district court for Pine county. Defendant's demurrer to an indictment against it was overruled, Stolberg, J. Affirmed.

*Lyndon A. Smith,* Attorney General, *Alexander L. Janes,* Assistant Attorney General, and *William H. Lamson,* County Attorney, for the State.

*Baldwin & Baldwin* and *J. T. Pearson,* for defendant.

START, C. J.

The defendant is a corporation organized under the laws of the state of Minnesota, with its principal place of business at Duluth. It is engaged in the business of buying milk, cream, and butter fat for the purpose of manufacture. On April 13, 1911, an indictment was duly returned to the district court of the county of Pine, charging the defendant with a violation of the provisions of chapter 468, p. 564, Laws 1909 [R. L. Supp. 1909, § 5169—1]. It demurred to the indictment, on the ground that the facts alleged therein did not constitute a public offense, thereby raising the question of the constitutionality of the statute. The demurrer was overruled, and pursuant to R. L. 1905, § 5409, the trial court certified to this court the question of the constitutionality of the statute, which is in these words:

"An act to prevent unlawful discrimination in the sale of milk, cream, butter fat and to provide a punishment for the same.

"Be it enacted by the Legislature of the state of Minnesota:

"Unfair Discrimination in Sale of Milk, Cream, etc., Prohibited.

"Section 1. Any person, firm, copartnership or corporation en-

gaged in the business of buying milk, cream or butter fat for the purpose of manufacture who shall, with the intention of creating a monopoly or destroying the business of a competitor, discriminate between different sections, localities, communities or cities of this state by purchasing such commodity at a higher price or rate in one locality than is paid for the same commodity by said person, firm, copartnership or corporation in another locality after making due allowance for the difference, if any, in the actual cost of transportation from the locality of purchase to the locality of manufacture shall be deemed guilty of unfair discrimination and upon conviction thereof shall be punished by a fine not exceeding five hundred dollars ($500.00) or by imprisonment in the county jail not to exceed six months."

The facts alleged in the indictment bring the case within the terms of this statute.

It is the contention of the defendant that this act violates the equality clause of the fourteenth amendment of the Federal Constitution, the equality clause, section 2, article 1, and sections 33 and 34, article 4, prohibiting special legislation, of our state Constitution. The question in its last analysis is whether the classification made by the act is a permissible or an arbitrary one, for the principles of classification are applicable alike to class and special legislation. A law, if the classification adopted be a proper one, is general, uniform, and equal which operates alike upon all subjects within the class. The classification, however, cannot be arbitrary, but must be based upon some reason suggested by such difference in the situation and circumstances of the subjects classified as naturally to suggest the necessity, or at least the propriety, of different legislation in respect thereto. Classification for purposes of legislation is a matter of legislative policy and discretion, and it is only when a classification is manifestly arbitrary that the courts will declare a statute unconstitutional. If there be any fair doubt in any case, it must be resolved in favor of the validity of the classification.

In construing the constitutionality of a statute, courts will take judicial notice of all facts relevant to the question; that is, in this

case, relevant to the classification. Judicial notice does not depend on the actual knowledge of the judges, and they may refresh their recollections by resorting to any means they may deem safe and proper. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State v. Cooley, 56 Minn. 540, 58 N. W. 150; State v. Stearns, 72 Minn. 200, 75 N. W. 210; State v. Wagener, 77 Minn. 483, 80 N. W. 633, 778, 1134, 46 L.R.A. 442, 77 Am. St. 681; Murray v. Board of Co. Commrs. of Ramsey County, 81 Minn. 359, 84 N. W. 103, 51 L.R.A. 828, 83 Am. St. 379; State v. Westfall, 85 Minn. 437, 89 N. W. 175, 57 L.R.A. 297, 89 Am. St. 571; State v. Brown, 97 Minn. 402, 106 N. W. 477, 5 L.R.A.(N.S.) 327; State v. Standard Oil Co. 111 Minn. 85, 126 N. W. 527; State v. Chicago, M. & St. P. Ry. Co. 114 Minn. 122, 130 N. W. 545, 33 L.R.A.(N.S.) 494.

The question whether the classification in this case is clearly arbitrary is to be determined by the application to it of the general and well-settled principles stated. The classification in the act is limited to those engaged in the business of buying milk, cream, or butter fat for the purpose of manufacture, with the intention of creating a monopoly or destroying the business of a competitor. This by necessary implication excludes those engaged in the business of buying such commodities for any purpose other than for manufacture. The reasons urged in support of the claim that this classification is arbitrary are concisely stated by counsel for the defendant in these words:

"There is nothing peculiar about the common articles, milk, cream, and butter fat, either in the things themselves or in the manner in which they are 'put upon the market,' to justify a classification for them; nor is there any reason for a subdivision of such an arbitrary selection into those who buy and those who sell, and, still further, there is not the slightest excuse for a subdivision separating those who buy for a certain purpose, in itself lawful, from those who buy for another purpose, equally as lawful."

If this be true, then the classification is an arbitrary one, and the act unconstitutional. There is, however, a strong presumption that there were reasons, arising from the volume and methods of the bus-

iness of purchasing such commodities for manufacture, its extent, and the motives and facilities offered for creating a monopoly, which justified the legislature in making the classification it did. Such presumption must prevail, and the classification held to be a permissible one, unless it is manifest that there could have been no fair reasons therefor. Our consideration of the subject has led us to the conclusion that the business of buying milk, cream, and butter fat for the purpose of manufacture, when carried on by parties controlling ample capital, with large central plants and local purchasing points extending over wide territory, affords special facilities and motives for the creation of monopolies by the temporary maintenance of artificial prices at competitive local points, and, further, that there is in this respect a substantial distinction between the purchase of milk, cream, and butter fat for manufacture and their purchase for resale or consumption. The business of buying such commodities for resale or consumption is not one easily susceptible to monopolistic control. This distinction is clearly drawn in the opinion of the court in the case of State v. Fairmont Creamery Co. 153 Iowa, 702, 133 N. W. 895, sustaining the constitutionality of a statute which, so far as it related to the buying of milk, cream or butter fat for manufacture, was similar to our own. The court in the case cited said:

"A multitude of people buy milk and cream for immediate consumption. Comparatively few buy milk and cream 'for the purpose of manufacture.' To the multitude who buy for immediate consumption, a monopoly would be quite impossible, and its attempt quite absurd. But those who buy milk and cream 'for the purpose of manufacture' sustain a distinctly different relation to the trade and to the community in which they operate. The magnitude of their operations is limited only by the magnitude of their resources. The motive to monopolize is present, as well as the ability to reap its fruits when acquired. In the nature of the case, the discriminations which are condemned in the legislative act are practicable as a practice only to those who engage in the business on a large scale.

We are impressed, therefore, that the classification adopted is one which arises quite naturally, and that it rests upon a substantial and practical distinction."

The payment relatively of a higher price for milk, cream, and butter fat in one locality than in another is not forbidden by our statute; for it is only when such discrimination is made with the intention of creating a monopoly or destroying the business of a competitor that the act is forbidden. We are unable to distinguish, upon principle, this case from State v. Standard Oil Co. supra; and, following that case, we hold that the classification in the act in question is not merely an arbitrary one, but a permissible one, and that the act is constitutional.

The defendant makes, in its reply brief, and for the first time, the claim that the subject of the act is not expressed in its title. The argument in support of the claim is this: "The act in question is 'An act to prevent unlawful discrimination in the sale of milk, cream, butter fat and to provide a punishment for the same.' Nothing whatever is said in the title of this act about the purchase of, or business of, buying milk, cream, or butter fat for the purpose of manufacture, while the substance of the act provides and applies solely and only to those engaged in the business of *buying* milk, cream, or butter fat. Neither the business of selling nor the word 'sale' is even suggested in the substance of the act."

It is sufficient if the title of an act is fairly suggestive of its subject, and every fair doubt should be resolved in favor of the sufficiency of the title. While the title of the act in question is not a model one, yet it is obviously sufficient within the rule stated, for it is fairly suggestive of the subject of the act. It is true that the subject expressed in the title is the prevention of discrimination in the sale of the commodities named, and that the subject dealt with in the body of the act is the prevention of discrimination in the purchase of the same commodities. But purchase and sale are correlative terms, and there can be no sale without a purchase; hence, if

discrimination in the purchase of an article is prevented, there can be none in its sale.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.