# STATE v. PEOPLE'S ICE COMPANY.[1]

January 9, 1914.

Nos. 18,514, 18,515—(15, 16).

**Act constitutional.**

1. Chapter 156, Laws 1911, establishing a department of weights and measures, does not violate the constitutional provision that "no law shall embrace more than one subject, which shall be expressed in its title."

**Weights and measures — evidence of intent excluded.**

2. This statute is a police regulation and changes the prior law so that intent to defraud or commit wrong is not an element of the offense of selling or exposing for sale less than the quantity represented, and the exclusion of evidence tending to show absence of such intent was not error.

Six complaints were made to the municipal court of St. Paul against defendant for violation of the weight and measure law. Defendant voluntarily came into court and pleaded not guilty. Four of the complaints were tried before Finehout, J., who found defendant guilty and sentenced it to pay a fine of $100 in each case. The other two complaints were tried by Hanft, J., who found defendant guilty and imposed the same fine in each case. From the judgments entered pursuant to the sentence, defendant appealed in each case. Affirmed.

*J. F. Fitzpatrick* and *R. G. O'Malley,* for appellant.

*Lyndon A. Smith,* Attorney General, *O. H. O'Neill,* Corporation Attorney of City of St. Paul, *John A. Burns* and *T. W. McMeekin,* Assistant Corporation Attorneys of City of St. Paul, for respondent.

TAYLOR, C.

Defendant was convicted in the municipal court of the city of St. Paul of giving short weight in the sale of ice. Six different offenses were charged against it which by agreement were all tried together, but a separate judgment was rendered as to each offense.

[1] Reported in 144 N. W. 962.

Defendant appealed therefrom, and the proceedings in all six cases are presented to this court upon one record. The questions presented are substantially the same in each case.

1. The prosecution is brought under chapter 156, page 197, Laws of 1911. [G. S. 1913, §§ 4611–4623.] Defendant contends that the title of this act is not broad enough to cover the penal provision upon which the prosecution is based, and that the act is unconstitutional for that reason. Section 27, article 4, of the Constitution is: "No law shall embrace more than one subject, which shall be expressed in its title." This provision has frequently been under consideration and the rules governing its application are well established. The purpose of this provision is to prevent combining in one act, for logrolling or other improper purposes, matters pertaining to diverse and unconnected subjects; to provide for apprising the legislature and the public through the title of the act, of the general subject matter with which it deals; and to secure a separate consideration of each distinct legislative measure. State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382; Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788; Ek v. St. Paul Permanent Loan Co. 84 Minn. 245, 87 N. W. 844; Atwell v. Parker, 93 Minn. 462, 101 N. W. 946. This constitutional provision is to be construed liberally and all doubts resolved in favor of the sufficiency of the title of an act adopted by the legislature. State v. Gut, 13 Minn. 315 (341); State v. Cassidy, 22 Minn. 312, 21 Am. Rep. 765; Boyle v. Vanderhoof, 45 Minn. 31, 47 N. W. 396; Putnam v. City of St. Paul, 75 Minn. 514, 78 N. W. 90; Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382; State v. Board of Control, 85 Minn. 165, 88 N. W. 533; Merchants Nat. Bank v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703; State v. Bridgeman & Russell Co. 117 Minn. 186, 134 N. W. 496, Ann. Cas. 1913D, 41. "The title to a statute is sufficient if it is not used as a cloak for legislating upon dissimilar matters and the subjects embraced in the enacting clause are naturally connected with the subject expressed in its title." Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788. "The insertion in a law of matters which may not be ver-

bally indicated by the title, if suggested by it, or connected with, or proper to the more full accomplishment of, the object so indicated, is held to be in accordance with its spirit." State v. Kinsella, 14 Minn. 395 (524). "To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other. All that is necessary is that the act should embrace some one general subject; and by this is meant, merely, that all matters treated of should fall under some one general idea, be so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one general subject." Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382.

To the same general effect are the following:

State v. Board of Control, 85 Minn. 165, 88 N. W. 533, in which numerous authorities are cited; First Nat. Bank v. How, 65 Minn. 187, 67 N. W. 994; State v. Board of Co. Commrs. of Red Lake County, 67 Minn. 352, 69 N. W. 1083; Ek v. St. Paul Permanent Loan Co. 84 Minn. 245, 87 N. W. 844; Lien v. Board of Co. Commrs. of Norman County, 80 Minn. 58, 82 N. W. 1094; Gaare v. Board of Co. Commrs. of Clay County, 90 Minn. 530, 97 N. W. 422; State v. Leland, 91 Minn. 321, 98 N. W. 92; State v. Boehm, 92 Minn. 374, 100 N. W. 95; Atwell v. Parker, 93 Minn. 462, 101 N. W. 946; State v. Bridgeman & Russell Co. 117 Minn. 186, 134 N. W. 496, Ann. Cas. 1913 D, 41; City of Crookston v. Board of Co. Commrs. of Polk County, 79 Minn. 283, 82 N. W. 586; 79 Am. St. 453; City of Duluth v. Abrahamson, 96 Minn. 39, 104 N. W. 682; State v. Sharp, 121 Minn. 381, 141 N. W. 526.

In Tuttle v. Strout, 7 Minn. 374 (465), 82 Am. Dec. 108, the title, "An act for a homestead exemption" was held sufficiently suggestive to satisfy the constitutional requirement, although the act also embraced exemptions of personal property.

In Boyle v. Vanderhoof, 45 Minn. 31, 47 N. W. 396, the title, "An act to fix the amount of wages of *laborers* exempt from process of attachments, garnishments, or execution," was held sufficient to

sustain an act exempting a specified amount of the wages of *any person* from such process.

In Putnam v. City of St. Paul, 75 Minn. 514, 78 N. W. 90, an act reorganizing the school system of the city of St. Paul and establishing the city as an independent school district took the power of levying taxes for school purposes from the school officers and conferred it upon the city council, without making any reference thereto in the title. The court held that raising money for school purposes was germane to the subject of the act, and the method by which it was accomplished was a mere detail.

In Winters v. City of Duluth, 82 Minn. 127, 84 N. W. 788, the expression, "for damages to persons injured on streets and other public grounds," in the title of an act relating to actions against municipalities, was held broad enough to apply to an injury received in the machinery of the pumping station.

In Board of Supervisors of Ramsey County v. Heenan, 2 Minn. 281 (330), the title, "A bill for an act to provide for township organizations," was held sufficient, although the act also provided the manner in which counties should be governed. The court saying: "It is true that this act, in the technical sense, does embrace more than one subject, and but one is expressed in its title; yet so intimately blended are they in the popular understanding, and so inseparable by general custom and adoption, that although the technical sense may bring it within the letter of the Constitution, it leaves it entirely without the spirit. There is no attempt at fraud, or the interpolation of matter foreign to the subject expressed in the title, but an honest effort to create a system of town, and through the town, county government, similar to that of other states. What is not within the spirit of a law, is not within the law, although within the letter of it."

In Gillitt v. McCarthy, 34 Minn. 318, 25 N. W. 637, "An act to regulate the foreclosure of real estate," was held sufficient to include the matter of redeeming from execution sales.

In First Nat. Bank of Shakopee v. How, 65 Minn. 187, 67 N. W. 994, under the title, "to provide for incorporation and regulation of co-operative or assessment life, endowment and casualty in-

surance associations," a provision exempting the money to be paid to beneficiaries from seizure by execution or other process for debt was held proper.

In State v. Board of Commrs. of Red Lake County, 67 Minn. 352, 69 N. W. 1083, under the title, "An act to provide for the creation and organization of new counties and government of the same," provisions for the organization of towns and school districts, and for the division of existing indebtedness between the old and new counties was held proper.

In State v. Board of Control, 85 Minn. 165, 88 N. W. 533, under the title, "An act to create a state board of control, and to provide for the management and control of the charitable, reformatory and penal institutions of the state," it was held proper to include the state normal schools.

In Gaare v. Board of Co. Commrs. of Clay County, 90 Minn. 530, 97 N. W. 422, under the title, "An act to create a board of state drainage commissioners and prescribe its duties," it was held proper to require the board of county commissioners to make repairs upon the ditches established by the drainage board and to pay therefor out of the county funds.

In State v. Leland, 91 Minn. 321, 98 N. W. 92, the expression, "relating to receiving deposits in insolvent banks," was held sufficient to sustain penal provisions against any corporation, firm or person receiving deposits.

In State v. Boehm, 92 Minn. 374, 100 N. W. 95, under the title, "An act to declare certain weeds common nuisances and to provide for their destruction," it was held that a provision making it a penal offense to fail to destroy such weeds upon one's own premises was valid, although the title made no reference to a penalty.

In State v. Bridgeman & Russell Co. 117 Minn. 186, 134 N. W. 496, under the title, "An act to prevent unlawful discrimination in the sale of milk," it was held proper to insert penal provisions in reference to the buying of milk.

The act in controversy is entitled: "An act creating a department of weights and measures, to be under the jurisdiction of the railroad and warehouse commission, defining its duties and powers and

providing penalties for interference therewith." The provision therein to which exception is taken is: "Any person who * * * shall sell or offer or expose for sale less than the quantity he represents * * * shall be guilty of a misdemeanor." This same act was under consideration, and was held constitutional, as against the objection here made, in State v. Armour & Co. 118 Minn. 128, 136 N. W. 565, and we adhere to the views there expressed.

It appears from the title that the act is general in its character, and that no attempt is made to define or index, in the title, the details contained in the act. It does not give notice that the act is confined to a particular part or phase of the general subject, as did the title of the act considered in Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104, but announces in general terms that it is creating a department of weights and measures. Under the rule established by the authorities hereinbefore cited, any matter germane to, or connected with the subject of, weights and measures might properly be placed under this title unless excluded therefrom by the phrase "providing penalties for interfering therewith." A complete code embracing all matters relating to weights and measures would be no more obnoxious to the constitutional provision than was the probate code considered and sustained in Johnson v. Harrison, 47 Minn. 575, 50 N. W. 923, 28 Am. St. 382, unless the general terms of the title be restricted by the phrase last quoted. But the rule is firmly established that all doubts are to be resolved in favor of the validity of the act, and it is fairly inferable from the title, taken as a whole, that the clause in question was not inserted for the purpose of limiting and restricting the provisions of the act to a part only of such matters as are germane to the general subject. The body of the title shows that the act is unrestricted, and broad and general in its nature, and under the rule, the act cannot be held unconstitutional on account of a possible inconsistency between the body of the title and a minor phrase therein. The word "therewith" may well be held to refer to the inhibitions contained in the act, and must be so held if necessary to sustain its validity.

In many of the cases cited the provisions of the act extended beyond the apparent limitations of the title to a greater extent than

in the case at bar.   The provision to which exception is taken properly tends to accomplish the purpose of the act and to protect the public from imposition.   Where the purchaser receives a less quantity than he purchases, his injury is the same, whether the diminution in quantity is brought about by the use of incorrect instrumentalities, or by the failure to properly use correct instrumentalities in determining such quantity.   As said in State v. Sharp, 121 Minn. 381, 141 N. W. 526: "The penal provisions of this act are germane to the general subject of the act as expressed in its title."

2.  The defendant is a corporation and must necessarily deal with the public through its agents and representatives.   The acts of the agents and representatives upon whom the company devolved the duty of dealing with the public in its behalf, committed in the performance of such duties, are properly deemed to be the acts of the company.   New York Central & H. R. R. R. Co. v. United States, 212 U. S. 481, 29 Sup. Ct. 304, 53 L. ed. 613.   The sales in question were made by the employees, to whom defendant delegated the duty of making such sales and of determining the quantities to be delivered pursuant thereto.   If the company can absolve itself from liability for their acts by showing that such acts were contrary to the general rules and instructions of the company, it would greatly increase the facility with which a principal, through his servants, could evade the law.   The prior law provided that "every person who shall injure or defraud another * * * by knowingly delivering less than the quantity he represents," shall be guilty of a misdemeanor.   Section 5115, R. L. 1905.   Under this act, knowledge and intent were ingredients of the offense.   Changing the law so as to omit the element of knowledge indicates that the legislature intended to eliminate the question of intent as an element of the offense.   As said in reference to these two provisions in State v. Armour & Co. supra, [118 Minn. 131]:

"It is at once apparent, on reading this section [5115], that fraud is of its essence.   On the other hand, it is equally as apparent from the reading of the act of 1911, that the things there penalized are *mala prohibita,* pure and simple, of which, in the contemplation of the law, intent to defraud or commit wrong is not an element.   It

is in this difference between the two acts that, in our opinion, the purpose of the legislature in incorporating in the act of 1911 the provision in question is to be found. In other words, the legislature wished to dispense with the difficult, and often insuperable task of proving intentional wrongdoing on the part of the seller."

The case comes within the rule of State v. Heck, 23 Minn. 549; State v. Welch, 21 Minn. 22; State v. Edwards, 94 Minn. 225, 102 N. W. 697, 69 L.R.A. 667; State v. Quackenbush, 98 Minn. 515, 108 N. W. 953; State v. Sharp, 121 Minn. 381, 141 N. W. 526. As said in the latter case: "The question of intent is not material in this class of statutory offenses. Such statutes are in the nature of police regulations and impose a penalty irrespective of intent to violate them, the object being to require a degree of diligence for the protection of the public which shall render violation impossible." Under this rule it was not error to exclude evidence that the employees who delivered the ice had been given general instructions to give full weight.

3. We think both the complaints and the evidence sufficient to sustain the several convictions and the several judgments appealed from are affirmed.