STATE OF MINNESOTA *vs.* NORTHERN PACIFIC EXPRESS CO.

Submitted on briefs May 24, 1894. Affirmed, July 25, 1894.

58 403
72 336

Nos. 8926, 8927.

**The game laws not unconstitutional.**

State v. Rodman and State v. Cobb, ante, p. 393, followed; holding that certain provisions of Laws 1891, ch. 9, as amended by Laws 1893, ch. 124, entitled "An act for the preservation * * * of the game and fish of the state of Minnesota," are valid.

**Do not interfere with interstate commerce.**

The provision of the act prohibiting the shipment out of the state of certain kinds of fish caught within the state is not an unlawful interference with interstate commerce.

**Only the questions decided in the trial court will be reviewed.**

State v. Byrud, 23 Minn. 30, followed, to the effect that, when a criminal case is certified to this court, we will only consider such questions as appear from the certification to have been raised and passed on in the court below.

The Northern Pacific Express Company, a Minnesota corporation, was indicted November 20, 1893, by the Grand Jury of Otter Tail County for the crime of wrongfully, unlawfully and wilfully having in its possession May 17, 1893, four hundred walleyed pike, three hundred pickerel, one hundred and ten sunfish, and sixty black bass caught and taken in the lakes in that county, otherwise than by angling with hook and line contrary to Laws 1893, ch. 124.

Notice was issued to the accused and it appeared by attorney and demurred to the indictment on the ground that the facts stated do not constitute a public offense. The court, *L. L. Baxter,* J., overruled the demurrer and on the request of the accused the Judge reported the case so far as was necessary to present the questions of law arising thereon and certified the report to this court (1878 G. S. ch. 117, § 11.)

A second indictment was found at the same time and place against defendant for the crime of wrongfully, unlawfully and wilfully having in its possession and under its control on May 17, 1893, other fish, viz: Sixty six walleyed pike, six pickerel, and two whitefish,

with intent to ship the same beyond the limits of this State without being accompanied by the person who actually caught the fish, all of which fish were caught and killed for commercial purposes in said county, otherwise than by angling with hook and line.   Notice was issued to the accused and it appeared by attorney and demurred to the indictment on the same ground.   The court, *L. L. Baxter*, J., overruled this demurrer also and on defendant's request reported the case and certified it to this court.

*J. H. Mitchell, Jr.*, and *Tilden R. Selmes*, for the Express Co.

The section under which this indictment is drawn does not apply to corporations.   Laws 1893, ch. 124, §§ 15, 39.   *Bennett* v. *American Exp. Co.*, 83 Me. 240.

The indictment does not allege that the defendant was aware that the fish had been illegally caught.   *Duncan* v. *State*, 7 Humph. 148; *Price* v. *Thornton*, 10 Mo. 135.

The entire act is void as unconstitutional, and in conflict with the interstate commerce clause of the United States constitution. *Sanders* v. *State*, 19 Kan. 127; *Territory* v. *Evans*, 2 Idaho 634.

*H. W. Childs*, and *Wm. Ely Bramhall*, for the state.

We refer to brief in *State* v. *Rodman*, ante, p. 393.   Defendant cannot on this report and certificate of the trial court raise the question here that the indictment fails to charge that it knew that the fish had been illegally caught.   No such question is certified to this court for decision.   *State* v. *Byrud*, 23 Minn. 29.

Knowledge that the fish had been illegally caught is not an essential in the crime of having them in possession.   *State* v. *Heck*, 23 Minn. 549.

Wherever the word "person" is used in the statute it includes corporations as well as individuals, unless it appears that a corporation could not commit the offense defined therein.

The question of interstate commerce is not before the court.   The fish had not become the subject of interstate commerce.

COLLINS, J.   The defendant was twice indicted for violations of Laws 1891, ch. 9, as amended by Laws 1893, ch. 124; one indictment

being under section 17, for having in its possession during the open season fish which had been caught in an unlawful manner in this state during such open season, and the other under section 22, for having in its possession fish lawfully caught in this state, but not of the species excepted from the operation of the section, with the intent to ship the same out of the state.

The trial court, having overruled demurrers to the indictments, certified to this court the following questions as having been raised by defendant, and determined by it, namely:

(1) Is Laws 1893, ch. 124, unconstitutional and void.

(2) Had the legislature the power to prohibit, during the open season, the receiving by a common carrier, for the purpose of transportation, of fish which have been illegally caught within the state;

(3) Is the act void by reason of the excessive fines imposed by it.

The first and third have been fully considered and disposed of in *State* v. *Rodman* and *State* v. *Cobb,* ante, p. 393,(59 N. W. 1098).

On the second question the defendant's contention is that the provisions of the act prohibiting the shipment out of the state of fish caught within the state unlawfully interferes with interstate commerce. The complete answer to this is that the fish had never becomes articles of commerce, within the meaning contended for by defendant's counsel. Under the laws of the state they had, it is true, become private property, but of a qualified and limited character; one of the attached limitations being that they should not be shipped out of the state,—that is, should not become the subject of interstate commerce. The purpose of such a provision as a means of preventing a rapid and undue depletion of certain kinds of game has already been adverted to in the state cases just mentioned. Similar provisions are very commonly found in laws for the preservation of game, and have been generally upheld as valid. *Organ* v. *State,* 56 Ark. 270, (19 S. W. 840;) *State* v. *Geer,* 61 Conn. 144, (22 Atl. 1012.) It must be remembered that defendant is not charged with having in possession fish caught and killed in another state, but in this.

Defendant's counsel have argued some questions which have not been certified up by the trial court, the most serious thereof being that in the first indictment it is not alleged that defendant knew

that the fish had been caught in an unlawful manner. But under the rule laid down in *State* v. *Byrud*, 23 Minn. 30, and repeatedly followed, we can only consider such questions as it appears from the certification were raised and passed on in the court below.

Orders affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W, 1100.)

