59 465
63 536
59 465
f80 450

STATE OF MINNESOTA vs. JOSEPH MROZINSKI et al.

Submitted on briefs Dec. 17, 1894. Affirmed Dec. 21, 1894.

No. 9123.

Game and fish laws constitutional.

Laws 1893, ch. 124, § 15, prohibiting the taking of fish (with certain specified exceptions) in any other manner than by angling for them with hook and line, is valid.

Joseph Mrozinski and William Mrozinski were indicted December 14, 1893, by the Grand Jury of Dakota county for the crime of wrongfully, unlawfully and willfully catching, taking and killing, in the Mississippi River opposite Red Rock, on August 20, 1893, twenty three fish otherwise than by angling for them with hook and line, to-wit, with a net or seine, contrary to Laws 1891, ch. 9, § 17, as amended by Laws 1893, ch. 124, § 15. When arraigned before the court the defendants demurred to the indictment on the ground that the facts stated therein do not constitute a public offense. The court, *F. M. Crosby*, J., overruled the demurrer and on the request of the accused reported the case so far as was necessary to present the questions of law arising thereon and certified the report to this court, and stayed all further proceedings until the decision of this court thereon should be made (1878 G. S. ch. 117, § 11.) The record contained a copy of the indictment.

*McDonald & Barnard*, and *M. F. Propping*, for defendants.

Fish being useful, the state has no doubt the power to enact reasonable police regulations to secure their preservation for the use of the citizens, but it has no power to adopt police or other regulations which in their operation entirely prohibit the taking of fish. Such a law would be in derogation of a common right. In other words, the law is unreasonable and void as a police regulation, if it denies to the citizens the enjoyment of a common right. The legislature may not, under the guise of protecting public interests, arbitrarily interfere with private business, or impose unusual or unnecessary restrictions upon lawful occupations; in other words, its determination as to what

v.59 M.—30

is a proper exercise of its police powers is not final or conclusive, but is subject to the supervision of the courts.    *Lawton* v. *Steele*, 152 U. S. 133; *Smith* v. *State*, 18 How. 71; *State* v. *Lewis*, 134 Ind. 250.

*J. M. Millett*, County Attorney, and *Wm. Ely Bramhall*, for Board of Game and Fish Commissioners, cited *Organ* v. *State*, 56 Ark. 267; *State* v. *Geer*, 61 Conn. 144; *Lawton* v. *Steele*, 119 N. Y. 226; *Drew* v. *Hilliker*, 56 Vt. 641; *Weller* v. *Snover*, 42 N. J. Law 341; *State* v. *Lewis*, 134 Ind. 250.    They also referred to Mr. Bramhall's brief in *State* v. *Rodman*, 58 Minn. 393.

MITCHELL, J.  The trial court certified several questions for the opinion of this court; but as counsel have argued only one, viz. the constitutionality of Laws 1893, ch. 124, § 15, we will not consider the others. The section reads as follows:

"No person at any time shall catch, take or kill any fish in any other manner than by angling for them with a hook and line held in the hand or attached to a rod or pole (except that suckers and buffalo fish may be taken with a spear during the months of April and May) or have in possession or under control any fish caught taken or killed by any other manner except that a net may be used for catching white fish, lake trout and sturgeon in international waters and minnows for bait in ponds, lakes and rivers not inhabited by trout, provided that the meshes in the net used for catching such white fish and lake trout, and sturgeon, pike and pickerel shall not be less than three and one-half inches in size of mesh when the same is extended, provided that lake herring may be taken with a net the meshes of which are at least two and one-half inches when extended."

The only objection urged to the provisions of this section is that they are unreasonably restrictive.    The line of argument is substantially as follows:  First. The limit of the police power of the state in the premises is the adoption of such measures as are reasonably necessary to prevent the extermination or undue depletion of food fishes. Second. That it is wholly unnecessary for any such purpose to prohibit the catching of fish, at least of certain kinds not named in the act, except by hook and line; that there are other ways of catching fish that are no more calculated to exterminate fish than by hook

and line; that there are some kinds that cannot be taken at all by hook and line; and that an adequate supply of fish for food cannot be caught in that way.

Assuming, without deciding, that the police power of the state over the taking or killing of wild animals (which belongs to the state itself, in its sovereign capacity) is subject to the limitation contended for, still we could not hold the provisions of this law invalid. In enacting any police regulation, even one regulating the use of private property or the conduct of a lawful private business, a very large discretion is reposed in the legislature. The courts will never set up their judgment against that of the legislature, and hold a police law invalid, unless it is clearly so, as having no reasonable tendency to accomplish the desired end. The legislature had to deal with the time and manner of taking fish as a practical question. It is a matter of common knowledge that different species of fish, good and bad, those that take the hook readily, and those that do not, inhabit the same waters; that the two usual methods of taking fish are by hook and line, and by nets and seines; and that the latter method usually results in the rapid and undue depletion of most kinds of valuable food fishes. Hence, if the legislature, in its discretion, deems it expedient to prohibit the latter method, no court can say that they had not the power to do so. Such laws are very common, and, so far as we know, their validity has never been successfully assailed. If experience proves that this act is unnecessarily restrictive, the remedy is with the legislature.

Order affirmed.

(Opinion published 61 N. W. 560.)