## FRANK BOHMAN AND OTHERS v. J. F. GOULD.[1]

December 17, 1926. ·

No. 25,685.

**State has power to pass laws to conserve game or fish.**
    1. The police power of the state authorizes it to pass laws reasonably necessary to conserve game or fish.

**Whether such legislation is necessary a legislative question.**
    2. Whether there is a necessity for such legislation is primarily a legislative question. Judicial interference is justified only when the act is purely arbitrary and unreasonable.

**Statute may be limited to one lake.**
    3. Such legislation may be made applicable only to a particular lake.

**Provision relating to one lake constitutional.**
    4. The provision of c. 195, L. 1925, terminating commercial fishing in Kabetogama lake after January 1, 1926, is constitutional.

Constitutional Law, 12 C. J. p. 887 n. 38; p. 933 n. 39, 41.
Fish, 26 C. J. p. 623 n. 92; p. 625 n. 5; p. 626 n. 12.

Plaintiffs appealed from an order of the district court for Koochiching county, Stanton, J., sustaining defendant's demurrer to the complaint. Affirmed.

*David Hurlburt,* for appellants.

*Clifford L. Hilton,* Attorney General, and *Charles E. Phillips,* Assistant Attorney General, for respondent.

WILSON, C. J.

Plaintiffs appealed from an order sustaining a demurrer to their complaint as not stating facts sufficient to constitute a cause of action.

[1] Reported in 211 N. W. 577.

Chapter 195, p. 216, L. 1925, amending G. S. 1923, § 5598, became effective April 13, 1925. It authorized the taking of fish from certain lakes therein named, provided a license to do so should first be obtained from the commissioner, and "provided further no commercial fishing shall be authorized by the Commissioner in Kabetogama Lake after January 1st, 1926."

For several years plaintiffs have been engaged in commercial fishing in this lake. In their business they own boats, nets, building, docks and other equipment. On May 27, 1925, the commissioner in form licensed plaintiffs to use nets in said lake in commercial fishing to May 15, 1926, excepting the months of November, April and May.

Plaintiffs seek to restrain the commissioner from enforcing the restriction on the use of the lake after January 1, 1926, and ask that we hold this statute in this particular void.

Plaintiffs contend that the law is invalid because it deprives them of their property without due process of law, and that total prohibition of commercial fishing on this lake is an unwarranted exercise of police power.

1. The police power of the state authorizes it to pass any law reasonably necessary to prevent the extermination or undue depletion of game or fish. Waldo v. Gould, 165 Minn. 128, 206 N. W. 46; State v. Mrozinski, 59 Minn. 465, 61 N. W. 560, 27 L. R. A. 76; State v. Rodman, 58 Minn. 393, 59 N. W. 1098; State v. Shattuck, 96 Minn. 45, 104 N. W. 719, 6 Ann. Cas. 934; State v. Tower Lbr. Co. 100 Minn. 38, 110 N. W. 254; Geer v. Connecticut, 161 U. S. 519, 16 Sup. Ct. 600, 40 L. ed. 793. The title to fish and game is vested in the state in its sovereign capacity for the benefit of the people. Waldo v. Gould, supra; G. S. 1923, § 5496; Geer v. Connecticut, supra; State v. Shattuck, supra.

2. Whether there is a necessity for such measure and whether the particular enactment tends to accomplish the purpose are primarily legislative questions. State v. Fairmont Creamery Co. 162 Minn. 146, 202 N. W. 714, 42 A. L. R. 548; State v. Adams, 142 Ark. 411, 218 S. W. 845; Rast v. Van Deman & Lewis Co. 240 U. S.

342, 36 Sup. Ct. 370, 60 L. ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455. The legislative determination of what is proper exercise of its police powers is neither final nor conclusive, but subject to the supervision of the courts. Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. ed. 385. The record is free from anything calling for judicial interference. There is nothing involved that is purely arbitrary and unreasonable. Nelson v. City of Minneapolis, 112 Minn. 16, 127 N. W. 445, 29 L. R. A. (N. S.) 260.

3. The legislature is to determine the extent and manner in which fish may be taken. Hence it may if it sees fit make legislation applicable only to a particular lake. Lewis v. State, 110 Ark. 204, 161 S. W. 154; Stinson v. State, 63 Fla. 42, 58 South. 722; State v. Savage, 96 Ore. 53, 184 Pac. 567, 189 Pac. 427.

4. Appellants' license was issued after the enactment of this law. It was erroneously made to cover a part of the prohibited time. To this extent the license was void. The plaintiffs apparently face a loss in the diminution of the value of their property which they can no longer use on the particular lake. They do not claim that they are deprived of a property right in the fish but in the equipment which they use in their business and which they can still use on other waters. Their business always carried with it the possibility of termination. It rested on permission. It carried the hazard not only of being terminated as to this particular lake but also as to all waters in the state. This risk or hazard is incident to various occupations. The loss, incident to the valid act of the legislature, does not mean that property was taken without due process. Such risks are presumed to have been duly considered when embarking in such business. Appellants' property rights have not, in law, been violated. Under such circumstances it cannot be said there has been a taking of their property. Nor does the statute conflict with the due process clause of the Constitution. It is valid.

Affirmed.