## SAM COHEN AND ANOTHER v. CHARLES KAUPPI.[1]

October 28, 1927.

No. 26,220.

**Possessor of skins of fur-bearing animals has burden of proving they were legally killed.**

Section 5547, G. S. 1923, permits the buying and having in possession at any time of the skins of fur-bearing animals legally killed within or without the state "upon proof that the hides were so taken." The burden of proof of lawful possession is thereby placed upon the party in possession and claiming it to be lawful.

Animals, 3 C. J. p. 18 n. 49.
Game, 27 C. J. p. 958 n. 49.

Plaintiffs appealed from an order of the district court for St. Louis county, Magney, J., denying their alternative motion for judgment or a new trial. Affirmed.

*Goldberg & Cohen,* for appellants.

*Clifford L. Hilton,* Attorney General, and *Chester S. Wilson,* Assistant Attorney General, for respondent.

STONE, J.

Replevin for 26 beaver skins. After a verdict for defendant, plaintiffs appeal from the order denying their motion for judgment notwithstanding or a new trial.

Defendant is a state game warden and confiscated the furs. They carried no "retaining tags" or other indicia of the legality of either their taking or subsequent possession. There can be no serious question that the evidence supports the verdict, which rests upon the conclusion that the skins were contraband. Plaintiffs' claim is that the skins were part of a lawful importation of Canadian beaver. The whole evidence, including the testimony of at least one of plaintiffs' witnesses, puts that position under a cloud of doubt.

[1]Reported in 215 N. W. 837.

The one question now is whether it was error to charge the jury that the burden was upon the plaintiffs "to prove, by a fair preponderance of the evidence, that these 26 beaver skins, which were untagged, were lawfully in their possession." A brief consideration of applicable statutes is sufficient to establish the propriety of that charge.

The major premise of our game laws is that the ownership of wild animals, "so far as they are capable of ownership," is in the state, "not as a proprietor, but in its sovereign capacity as the representative and for the benefit of all its people in common." G. S. 1923, § 5496; Waldo v. Gould, 165 Minn. 128, 206 N. W. 46. There may be possession and ownership by individuals, but only if acquired and evidenced in the manner provided by law. This applies to the pelts of fur-bearing animals.

By G. S. 1923, § 5543, not only the taking but also the molestation or disturbance of beaver is prohibited, except that limited numbers may be taken under the express license of the commissioner in the event that the animals become so numerous in any locality that a limited number can be taken without undue depletion. The section provides for the issue of a distinctive tag, known as a retaining tag, for each animal so taken.

By § 5547 the whole statute is so restricted as not to prohibit traffic in furs "legally killed within or without the state, upon proof that the hides were so taken."

Section 5512, G. S. 1923, makes possession of wild animals during closed seasons (and there is no open season on beaver) presumptive evidence that the same were "unlawfully taken by the possessor, unless there is attached to such wild animal the tag and seal of the commissioner" provided for elsewhere in the statute.

But to create a presumption is not necessarily to shift the burden of proof, and if we were to stop here it might be difficult to justify the charge which placed that load upon plaintiffs. But their contention being that the pelts were lawfully imported from Canada, they must depend upon § 5547, which makes requisite to the lawful buying or "having in possession" of imported skins "proof that the

hides were so taken;" that is, in this case, that they were taken legally in Canada. Obviously the proof so required must come from the persons in possession of the skins and claiming to own them lawfully. So the instruction that the burden was upon plaintiffs to prove the legality of their possession is clearly right.

Order affirmed.