# M. N. LIPINSKI v. JAMES F. GOULD.[1]

## February 17, 1928.

## No. 26,494.

**Authority of game and fish commissioner to conduct fishing operations not terminated.**

1. In conducting the fishing operations authorized by L. 1919, c. 341, as amended, the game and fish commissioner was not acting as agent of the commission of public safety, and abolishing that commission did not terminate his authority to conduct such operations.

**Act does not violate the constitution.**

2. This act does not contravene the constitutional provision forbidding the state to engage in works of internal improvement.

**Demurrer correctly overruled because commissioner bought fish.**

3. The act does not authorize the commissioner to buy fish for the purpose of reselling them; and, as the complaint charges that he has been and intends to continue doing so, the demurrer was correctly overruled.

**Moneys in state fish revolving fund are public funds.**

4. The moneys appropriated to the state fish revolving fund are public funds.

Fish, 26 C. J. p. 636 n. 23.
States, 36 Cyc. p. 845 n. 66 New; p. 895 n. 43 New.

Defendant appealed from an order of the district court for Ramsey county, Richard D. O'Brien, J. overruling his demurrer to the complaint, the trial court having certified the questions presented as important and doubtful. Affirmed.

*Clifford L. Hilton,* Attorney General, and *Chester S. Wilson,* Assistant Attorney General, for appellant.

*Alexander Fosmark,* for respondent.

[1]Reported in 218 N. W. 123, 730.

TAYLOR, C.

This is an appeal from an order overruling a demurrer to plaintiff's complaint, the trial court having certified that the questions presented are important and doubtful.

Plaintiff is a resident taxpayer of this state and is engaged in the business of buying and selling fish. Defendant is the state game and fish commissioner. Plaintiff alleges that acting under and pursuant to L. 1919, p. 365, c. 341, defendant has been, and intends to continue, conducting "state fishing operations," and has been and intends to continue, buying and selling in the open market game fish taken from Red Lake, and asks the court to enjoin defendant from engaging in state fishing operations and from buying and selling fish in the open market.

L. 1919, p. 365, c. 341, is included in G. S. 1923 as §§ 5604 to 5609, inclusive, and the references herein will be to those sections.

Plaintiff contends that the act merely authorized defendant to conduct state fishing operations as agent of the Minnesota commission of public safety which was established during the World War, and that defendant's authority to engage in such operations terminated when that commission passed out of existence December 31, 1920. The act cannot be given such a restricted operation. It contains nothing indicating that proceedings under it were in any way dependent upon or connected with the act establishing the commission of public safety or the doings of that body. On the contrary its provisions plainly show that it was intended as an independent act complete in itself, for it covers the entire subject matter with which it deals without regard to any other act and repeals all inconsistent acts. The fact that in § 5604 it directed that all moneys collected by the game and fish commissioner as agent of the commission of public safety in state fishing operations should be placed in the "state fish revolving fund" created by that section does not warrant the inference which plaintiff would draw therefrom.

Plaintiff further contends that the act contravenes the provision of Const. art. 9, § 5, which declares that, "The state shall never contract any debts for works of internal improvements, or be a party

in carrying on such works," and is void for that reason. We are not of that opinion.

Fish in the public waters of the state are held by the state in its sovereign capacity for the benefit of the people of the state; and the state may adopt and carry out any measures necessary or proper for preserving them as a valuable food supply, and for increasing and improving such supply, and preventing its undue or unnecessary depletion. Bohman v. Gould, 169 Minn. 374, 211 N. W. 577; Schmidt v. Gould, 172 Minn. 170, 215 N. W. 215, and cases cited in these opinions. This is the plainly expressed purpose of the act. It authorizes the taking and removal of certain fish when necessary or advisable in order to cultivate, propagate and preserve the game fish.

"Works of internal improvements" within the meaning of the constitution do not include "works" constructed for and used by the state itself in the performance of its governmental functions. Rippe v. Becker, 56 Minn. 100, 57 N. W. 331, 22 L. R. A. 857; State ex rel. Smith v. Van Reed, 125 Minn. 194, 145 N. W. 967; 6 Ann. Cas. 307, note. The constitutional prohibition does not preclude the state from exploring for minerals and operating mines on state lands, although doing such work is not in the performance of a governmental function. State v. Evans, 99 Minn. 220, 108 N. W. 958, 9 Ann. Cas. 520. It does not preclude the state from furnishing funds for and carrying into effect measures intended to promote the public safety, preserve the public health or suppress disease. Schulte v. Fitch, 162 Minn. 184, 202 N. W. 719. If it prohibited such activities, the work carried on by the state to prevent forest fires, which in the past have taken a heavy toll of life and property, would be illegal. The employment of physicians and others to enforce quarantine regulations and carry into effect the measures adopted to guard against and suppress disease and the expenditure of state funds therefor would also be illegal.

The fish found in the public waters constitute a natural and valuable source of food. They are not private property in any sense, nor subject to the rules governing such property. They belong to the state in its sovereign capacity as the representative of

all the people of the state; and the right of the state to control and prescribe the manner in which and the extent to which they may be taken springs from its duty to safeguard and conserve this source of food supply for the benefit of the people of the state.   Geer v. Connecticut, 161 U. S. 519, 16 S. Ct. 600, 40 L. ed. 793.   If the class of activities designated in the constitution as "works of internal im-, provements" were to be extended to include operations carried on by the state in its governmental capacity for the purpose of promoting the propagation of fish and preserving them as a permanent source of food supply, it would also include various other operations carried on by the state, among them those carried on through the agricultural department for guarding against and eradicating plant diseases and for improving the quality and increasing the yield of agricultural products.   In our opinion the prohibition against engaging in "works of internal improvements" was not intended to and does not prohibit such governmental activities.

Plaintiff further contends that buying and selling fish in the open market is engaging in a private business, and that the constitution prohibits defendant from carrying on a private business in his official capacity and from using state funds for such a purpose. The complaint contains allegations, sufficient as against a demurrer, to the effect that defendant has engaged in buying and selling fish in the open market, paying for them out of the state fish revolving fund, and will continue to do so unless restrained.

The statute creates a "state fish revolving fund" for the purpose of conducting the "state fishing operations" authorized by the act, which fund consists of the moneys collected by the game and fish commissioner as agent of the commission of public safety in state fishing operations, and of the moneys received by him in fishing operations conducted under the act.   § 5604.

We may concede that buying fish for the purpose of reselling them is a private business and that using public funds for that purpose is forbidden by the constitution; but the statute does not authorize the buying of fish; and, if defendant is doing so, he is exceeding the powers conferred upon him.   The statute provides that whenever the commissioner finds that any of the conditions

specified in six separately numbered paragraphs exist in respect to the fish in any of the public waters of the state

"Then, and in such case he may provide, by contract, or by day labor under his supervision or both, for the taking and removal of a portion of any fish therein." § 5605.

The statute further provides:

"Fish so taken and removed shall be sold by the commissioner at not more than the prevailing market price, and the proceeds of such sales shall be paid by the commissioner into the state treasury and by the treasurer credited to the revolving fund aforesaid." § 5606, as amended by L. 1927, p. 263, c. 175.

The statute gives no authority to buy fish. It gives authority to sell those taken in the operations authorized by the act, and contemplates that all so taken shall remain the property of the state until so sold, whether taken under contract or by day labor. The statute contains no provision as to the manner of determining the contract price where the work of taking the fish is done by contract, or the wages where it is done by day labor; and in the absence of such a provision defendant could doubtless in either case arrange to pay at a specified rate for the quantity of fish taken. But the statute confers no authority to buy fish in the market. It merely authorizes the commissioner to pay for the work of taking fish for the state done under his direction and supervision and to sell the fish so taken. As the complaint charges that he has been, and threatens to continue, buying fish in the market with public funds for the purpose of reselling them, the demurrer was correctly overruled.

Defendant claims that his operations are not carried on by public funds and that plaintiff is not entitled to maintain this action as a taxpayer for that reason. He argues that the state fish revolving fund consists only of moneys obtained in state fishing operations and that such moneys are not public funds because not raised by taxation. The statute requires him to pay all such moneys into the state treasury, and appropriates to the revolving fund "out of any

moneys in the state treasury not otherwise appropriated" "an amount of money equal to the amount" so paid. It further provides that the expense of his "operations shall be paid in the same manner as other claims against the state are paid." § 5604. We think that the moneys so paid into the state treasury become public funds.

Order affirmed.

HILTON, J. took no part.

On March 30, 1928, the following opinion was filed:

PER CURIAM.

The clerk denied plaintiff's application to tax costs and he appeals. The main issues involved were decided in favor of the defendant, but the complaint was sustained on the ground that it charged defendant with buying fish in the open market with public funds for the purpose of resale, which if true showed that he was engaged in transactions not authorized by law. Such transactions bring the case within the rule stated in Bartles Oil Co. v. Lynch, 109 Minn. 487, 124 N. W. 1. The refusal to tax costs is reversed, and plaintiff will be allowed his disbursements but no statutory costs.